Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email:      matt.jaksa@hro.com

Attorneys for Plaintiffs,
ARISTA RECORDS LLC; UMG RECORDINGS, INC.; and SONY BMG MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | CASE NO. :07-CV-04878-MMC<br><br>Honorable Maxine M. Chesney<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case and have attempted to contact her to resolve the dispute; however, in the event the dispute is not resolved, Plaintiffs do not have sufficient time to amend the Complaint and effectuate service before the current service deadline expires.   In support of their request, Plaintiffs state as follows:

1.  The current deadline for service of process is January 18, 2008.  The initial case management conference is set for April 4, 2008, at 10:30 a.m., as continued by the Court's Order of December 28, 2007 upon Plaintiffs' request.

2.  Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, California State University, Monterey Bay.

3.  In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4.  The Court entered an Order for Leave to take Immediate Discovery on October 1, 2007, which was served upon the ISP along with a Rule 45 subpoena.  On November 30, 2007, the ISP responded to Plaintiffs' subpoena, identifying Hayley Azevedo and providing Plaintiffs with contact information including Ms. Azevedo's telephone number and address.

5.  After receiving this information from the ISP, Plaintiffs sent a letter to Ms. Azevedo on December 18, 2007 notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter.  To date, Ms. Azevedo has not responded to Plaintiffs, although this may be due in part to the university holiday.

6. Plaintiffs wish to give Ms. Azevedo a reasonable period of time to respond and resolve this case before naming her in the suit and should she fail to do so are prepared to amend the complaint to name her as an individual defendant.

7. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

8. Plaintiffs submit that their efforts to give written notice to Ms. Azevedo of their claims and resolve the case before naming her in the lawsuit constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                                     HOLME ROBERTS & OWEN LLP


By: _____*/s/ Matthew Franklin Jaksa*___
    MATTHEW FRANKLIN JAKSA
    Attorney for Plaintiffs

EX PARTE APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. :07-cv-04878-MMC
#34951 v1

**ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), ~~Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008~~. plaintiffs shall, no later than April 17, 2008, amend their complaint to identify Defendant and serve the Summons and Amended Complaint on Defendant.

Dated: January 22, 2008

By: /s/ Maxine M. Chesney
Honorable Maxine M. Chesney
United States District Judge